Citation Nr: 1518732 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 13-01 279 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for hypertension.

3. Entitlement to service connection for degenerative disc disease of the lumbar spine. 

4. Entitlement to service connection for neuropathy of the right lower extremity. 


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


ATTORNEY FOR THE BOARD

L. Willis, Associate Counsel 
INTRODUCTION

The appellant was enrolled in the Naval Reserves from October 2002 to February 2004.

These matters come before the Board of Veterans' Appeals (the Board) on appeal from a February 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the June 2014 remand, the Board directed the AOJ to schedule the appellant for a videoconference Board hearing. The Board further instructed the AOJ to notify the appellant of the hearing and associate the notice with the appellant's claim folder. The appellant failed to appear for an April 2015 videoconference hearing. However, there is no record that the appellant was notified of the scheduled hearing. The AOJ failed to comply with the Board's remand in this regard. See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a Board remand "confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders"). Therefore, on remand, the appellant should be scheduled for a videoconference hearing and notified of the scheduled hearing. A copy of the notice should be associated with the appellant's electronic claim's folder. 




Accordingly, the case is REMANDED for the following action:

Reschedule the appellant for a videoconference hearing. Notify the appellant and his representative of the date, time and location of this rescheduled hearing, and associate a copy of this notification letter with the appellant's electronic claims folder. The appellant was previously scheduled for a hearing in April 2015; however, there was no documentation of the notice of the scheduled hearing of record. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).